**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **GOEBEL AINSWORTH WRIGHT** | ) | **CHAPTER 13** |
| **WANDA SUE WRIGHT** | ) | |
| | ) | |
| Debtors. | ) | **CASE NO. 12-71032** |

_____

## <u>MEMORANDUM DECISION</u>

This Chapter 13 case was commenced by the Debtors' filing of a joint petition on May 28, 2012.  Since that time four proposed plans have been filed by the Debtors but none of them has been confirmed.  At a hearing held on June 4, 2013 the Court granted the motion of their bankruptcy counsel, Tony M. Hutchinson, Esq., to withdraw on the basis of a total breakdown of the attorney-client relationship.[1]  Since that time the Debtors have been unable to secure new counsel and therefore at this point are proceeding pro se.  The most recent hearing in the case took place on July 2, 2013 and the case was before the Court for confirmation of the Debtors' plan dated January 2, 2013 and the Trustee's request to dismiss the case.  At that hearing the Debtors advised that they were not seeking confirmation of the plan before the Court but wanted the Court to investigate the handling of their case by their prior counsel.  Although the Court asked them repeatedly what specific action they wanted it to take in the case, the Debtors seemed unable or unwilling to say.  The Chapter 13 Trustee was specific, asking that the case be dismissed.  To explain the rationale for the decision which the Court has reached in this matter, it believes that a brief review of the Debtors' extensive filing history is helpful.

---

[1] Docket entry nos. 105 and 107.

## SUMMARY OF PRIOR CASES

The Debtors, by counsel, first filed a Chapter 7 petition with this Court on April 5, 2004, Case No. 04-01506.  The Debtors received a discharge on July 29, 2004 and the case was closed.  The Debtors filed a Motion to Reopen the case on March 23, 2005, which was granted by the Court on March 24, 2005.  The case was reopened for the stated purpose of determining the dischargeability of civil judgments due to the Debtors' "attorney's negligence in filing appropriate documents for lien avoidance" and to "determine the dischargeability of Student loans due to financial hardship placed upon" the Debtors.  Apparently the Debtors entered into reaffirmation agreements with Miners and Merchants Bank for a vehicle, mortgage loan and 2nd mortgage loan and believed that civil judgments against them would be discharged since the loans had been consolidated.  An adversary proceeding, Adv. Proc. No. 05-07052, was filed by the pro se Debtors on April 21, 2005 against ECMC Group, St. Mary's Hospital, Platinum Financial Services, the Town of Wise, the County of Wise and Anthony E. Collins, P.C. (the Debtors' former bankruptcy counsel).  By Order entered October 21, 2005, Mr. Hutchinson was substituted as counsel of record for the Debtors in this case, replacing Debtor's prior counsel.  The adversary proceeding was dismissed on June 16, 2006 without prejudice as "there does not appear to be a cause of action against any of the defendants in this matter." (Order entered June 16, 2006).

The Debtors, by counsel (Mr. Hutchinson), then filed a Chapter 13 petition in this Court on June 30, 2008, Case No. 08-71201.  This case was dismissed on September 3, 2008 on the Trustee's motion as the Debtors were in default of preconfirmation payments and failed to appear at the meeting of creditors.  No plan was ever confirmed in this case.  According to the

Trustee's Final Report and Account filed on November 25, 2008, the Trustee received $2,055.00 during the pendency of the case, which was refunded to the Debtors. This case was closed on December 30, 2008.

Then, on September 24, 2008, the Debtors filed another Chapter 13 petition in this Court, Case No. 08-71853, in which they were represented by Mr. Hutchinson. A plan was confirmed on January 7, 2009 which required payments of $2,090.00 for 60 months, with a 10% distribution to unsecured creditors. Several amended plans were filed, but never confirmed, in response to the Trustee's motion to dismiss due to an asserted arrearage of $3,717.00. The case was dismissed on October 5, 2011 on the Trustee's motion. The Trustee's Final Report and Account filed on January 30, 2012 indicates that a total of $71,042.63 was paid by the Debtors in this case. Out of this amount, $1,000 was paid to the Debtors' attorney for attorney's fees; $4,426.20 was paid to the Trustee for commission and expenses; $63,196.26 was distributed to secured creditors; $2,068.68 was distributed to priority creditors and $351.49 was distributed to unsecured creditors. The Report specifically lists the following creditors and the distribution each received: American General Financial Services - $127.70; Capital One Auto Finance - $17,439.51; CitiMortgage -$1,979.04 for mortgage arrearage claim; CitiMortgage - $24,893.88 for regular mortgage payment liability; Dell Financial (2 claims) - $83.68 and $20.00; Eastman Credit Union - $18,787.73; Internal Revenue Service (unsecured claim) - $34.64; Internal Revenue Service (priority claim) - $2,068.68; Portfolio Recovery Associates - $14.73; Robert D. Kilgore, DMD - $70.74; and Treasurer of Wise County (secured claim) - $96.10. This case was closed on March 1, 2012.

3

Then Debtors, again by Mr. Hutchinson acting as their counsel, filed another Chapter 13 case with this Court on October 21, 2011, Case No. 11-72147. The case was later converted to Chapter 7 on December 14, 2011 on the Debtors' motion. On December 27, 2011 the United States Trustee filed a Motion Objecting to Discharge. On January 25, 2012, a Reaffirmation Agreement was filed by Eastman Credit Union in which the Debtors agreed to reaffirm a debt on a 2006 Honda Ridgeline. The Debtors were denied a discharge on March 5, 2012 pursuant to the Order entered granting the United States Trustee's Motion. On April 18, 2012, a Motion for Relief was granted in favor of Capital One Auto Finance regarding the Debtors' 2007 Ford Fusion. The Debtors then filed a Motion to Dismiss their case on April 24, 2012. That Motion was granted on May 1, 2012 and the case was closed on June 13, 2012.

CURRENT CASE

As noted, the Debtors, again with Mr. Hutchinson as their counsel, filed this case on May 28, 2012. Since then the Debtors have fallen out not only with their bankruptcy attorney but also with each other. They have separated and a divorce case has been filed, but it is not clear to the Court whether they are presently divorced or that is simply in prospect. They are operating without any protection from the automatic stay in this case because their timely filed motion to extend the stay[2] was denied by the Court at a hearing on June 20, 2012.[3] Their bankruptcy counsel filed on their behalf objections to the claims filed by CitiMortgage[4] and

---

[2] Docket entry no. 9.

[3] This ruling was memorialized by an order of the Court entered on July 3, 2012 and docketed at docket entry no. 28.

[4] Docket entry no. 49.

4

Eastman Credit Union,[5] asserting that they had not received proper credit for all the payments which had been made from the plan payments which they had made to the Trustee.  Both CitiMortgage[6] and Eastman[7] filed responses to these objections.  CitiMortgage's response was succinct, asserting that its proof of claim and claimed arrearage were correct and that it "likely" would offer its business records and affidavit of its records custodian at the hearing on the objection to establish its claim.  Eastman, on the other hand, filed with its response five exhibits containing a detailed account history of the payments received on the Debtors' account.  Following that response by Eastman the Debtors' counsel submitted an agreed order dismissing the previously filed objection.[8]  At a hearing on March 5, 2013 upon the objection to CitiMortgage's claim, it was announced that the objection had been resolved and the Court entered an agreed order dismissing this objection as well.[9]

In addition to the other problems presented in the case, Mrs. Wright lost her existing employment and this affected the Debtors' ability to make their plan payments.  Following that loss of employment, they filed, by counsel, an amended Schedule I reflecting the loss of Mrs. Wright's income.[10]  She has since obtained new employment, however, but no new Schedule I reflecting that fact has yet been filed.  During the July 2nd hearing, in consideration of

---

[5] Docket entry no. 53.

[6] Docket entry no. 64.

[7] Docket entry no. 65.

[8] Docket entry no. 81.

[9] Docket entry no. 90.

[10] Docket entry no. 94.

the questions raised by the Debtors concerning the distribution of the funds they had paid to the

Trustee, the Court requested the Trustee to send the Debtors an accounting of all funds received

and disbursed in the current case.  The Trustee did so and that document is docketed in this case

at docket entry no. 118.  This report indicates that as of June 28, 2013 the Debtors had paid

$17,578.79 to the Trustee as plan payments, which he had disbursed as follows:  $1,151.33 for

Trustee's commission and expenses, $4,266.14 to Capital One Auto Finance, $10,428.46 to

CitiMortgage, Inc., $236.75 to Springleaf Financial and $1,496.11 to Eastman Credit Union.

      During the July 2nd hearing the Debtors voiced complaints about the handling not

only of this case but of at least some of their prior cases, repeatedly complaining that their

counsel should have filed a timely motion to reinstate one of them rather than filing a new case

for them.  They assert that the bankruptcy system has let them down and that they are in worse

financial straits now than when they began their efforts to regain financial stability.  They

attribute "90%" of their current problems to their former bankruptcy counsel, accepting

responsibility for the remaining 10% without ever actually specifying anything which they have

done or failed to do which might have contributed to the present situation.  The Court will not

delay the resolution of the matters now before it to undertake at the Debtors' suggestion an

examination of Mr. Hutchinson's representation of their interests in their various cases and

instead will focus on what needs to be done at this time to move the present case forward to a

proper conclusion.  The orders dismissing or otherwise closing their prior cases are all long final

and there is no suggestion of any fraud or similar misconduct on the part of counsel, just that he

mishandled their cases.  The Court will note, however, that Mr. Hutchinson handles more

Chapter 13 cases at the Abingdon and Big Stone Gap locations of this Court's Roanoke Division

6

than any other attorney currently practicing in those locations, that he enjoys a good reputation

with the Court, and that he likewise appears to enjoy a good reputation and relationship with the

Chapter 13 Trustee and other counsel practicing in this Court.  That said, the Court is not

dismissing these complaints out-of-hand, but simply is focusing its attention upon the best

resolution of the issues properly before it at this time.  Because the Debtors have announced to

the Court that they do not seek confirmation of the Plan currently on file, the options available to

the Court appear to be (1) to dismiss the case as requested by the Chapter 13 Trustee, (2) to

convert the case to Chapter 7, or (3) to permit the Debtors to file another Plan.


                    CONCLUSIONS OF LAW AND DECISION

            This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C.

§§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on

July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western

District of Virginia.  The Court further concludes that the issues before it are clearly "core"

bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2) with particular reference to

subsections (L) and (O).

            There appear to be several viable paths for this case to take.  The Debtors have

made substantial payments to the Chapter 13 Trustee during the pendency of this case which

offers the most persuasive evidence of their good faith in attempting to resolve their financial

problems in this case.  Even if they are now divorced, they still have the ability to continue this

case as a joint case but would not have that option in a subsequent filing.  Their creditors'

freedom of action is not limited by the automatic stay, which has not been in effect for more than

a year, so the continuation of the present case is not prejudicial to their interests.  On the other hand, successful prosecution of a Chapter 13 case to confirmation, plan completion and discharge is by no means a simple undertaking even with counsel, much less acting pro se.  Dismissal of the case would leave them free to attempt to resolve their financial problems directly with their creditors without having to fulfill the various legal obligations incident to a Chapter 13 case, albeit without the prospect of obtaining a discharge of any debt which they believe is beyond their ability to pay.  Finally, because the present case was filed more than eight years after the commencement of the 2004 Chapter 7 case in which they obtained a discharge,[11] a conversion of this case to Chapter 7 would appear to offer them the possibility of obtaining a discharge of their unsecured debt and attempting to work out directly with their secured creditors those obligations.

The Court concludes that, under the circumstances presented here, the best resolution of this situation is to grant the Debtors an ample opportunity to proceed with their Chapter 13 case, if they so choose, by filing new Schedules I and J and a modified Plan, or to file a motion accompanied by the requisite fee to the Clerk of $25.00 to convert their case to one under Chapter 7.  If they fail to do either, the Chapter 13 Trustee's Motion to Dismiss will be granted and the case dismissed by means of the Court's standard dismissal order.  An order to such effect will be entered contemporaneously herewith.

---

[11] 11 U.S.C. § 727(a)(8).

DECIDED this 19th day of July, 2013.

_William F. Stone, Jr._
_____
UNITED STATES BANKRUPTCY JUDGE